SUGG, Justice,
for the Court:
After a jury trial, the County Court of the First Judicial District of Hinds County .entered an order of filiation on July 6,1979. Grisham appealed to the Circuit Court of the First Judicial District of Hinds County which dismissed the appeal holding the ap *108 peal should have been to the Mississippi Supreme Court instead of the Circuit Court under section 93-9-41 Mississippi Code Annotated (1972).
Grisham appealed to this Court and one of his assignments of error is that the circuit court erred in dismissing his appeal. It is not necessary for us to notice the other two assignments of error because the circuit court properly dismissed Grisham’s appeal to that court.
Section 93-9-41 Mississippi Code Annotated (1972) provides in part the following:
An appeal in all cases may be taken by the defendant, a guardian ad litem appointed by the court for the child, the mother or her personal representative, or the public welfare official, from any final order or judgment of any court having jurisdiction of filiation proceedings, as provided for in sections 93-9-1 to 93-9-49, directly to the supreme court within thirty (30) days after the entry of said order of judgment.
The Mississippi Uniform Law on Paternity, sections 93-9-1 to 93-9-49 Mississippi Code Annotated (1972), provides that paternity may be determined in cases filed in the county court, family court, the circuit court, or the chancery court with appeals to be made directly to the Supreme Court within thirty (30) days after final judgment.
Grisham argues that he could either appeal directly to the Supreme Court under section 93-9-41 or to the Circuit Court under section 11-51-79 which provides, in part, as follows:
Appeals from the law side of the county court shall be made to the circuit court, and those from the equity side to the chancery court on application made therefor and bond given according to law, except as hereinafter provided.
Grisham argues that the language of section 93-9-41 which provides, “An appeal in all cases may be taken ...” is permissive and authorizes a party in a paternity suit to appeal either to the Supreme Court or to the Circuit Court. .The word “may” as used in the statute is permissive but applies only to the right of a party to appeal. It gives a party the right to appeal, but does not require either party to appeal. Once a party exercises the right of appeal in a paternity suit, the appeal must be taken directly to the Supreme Court under section 93-9-41. The appeal provision of section 93-9-41 in paternity suits is exclusive and appeals may not be made to any court other than the Supreme Court.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.